## WHITELEY v. DE VRIES et al.

No. 7314.   Decided August 24, 1949.   (209 P. 2d 206.)

See 59 C. J. S., Mortgages, sec. 52. Parol evidence showing deed as mortgage, see note, 155 A. L. R. 1104. See, also, 20 Am. Jur. 998.

*Critchlow, Watson & Warnock,* Salt Lake City, for appellant.

*Rawlings, Wallace & Black,* Salt Lake City, for respondents.

WADE, Justice.

The question presented by this appeal is: Did the trial court err in holding that an instrument, in form an absolute deed, was in fact a mortgage?

Early in 1947, the defendants, Mr. and Mrs. DeVries, decided to build a motor court on their property on South State Street in Salt Lake County, Utah. To finance this undertaking, they borrowed $4000 and later an additional $1000 from the plaintiff, Whiteley, securing the same by two separate notes and mortgages on that property dated March 10 and April 15, 1947, respectively. On June 25, 1947, defendant Ewell entered into a contract with the DeVries to install the plumbing in the motor court for a total of $2114.75 and by July 23 he had expended $724.57 under that contract without having received any payment on account thereon and he refused to proceed further with the job until he had received at least a $600 payment on said job.

The loans to the DeVries from Whiteley were made through Mr. Gaddis, and the DeVries asked him if Whiteley would make a further loan of $600 in order to complete the job. Whiteley agreed to advance the further $600 on

condition that it be repaid within 60 days and on the suggestion of Gaddis, this loan was secured by the instrument in question in the form of a deed dated July 31, 1947, by the DeVries conveying the property to Whiteley. No note was given evidencing the indebtedness. This instrument was delivered to Whitely, and he delivered his check for $600 to DeVries who paid it to Ewell who completed the plumbing job.

The DeVries did not repay the $600 within 60 days, or at all, and made no further payment on the plumbing account, but in October abandoned the property and left the state. In due time, Ewell filed his claim of lien for labor and materials against the property, and in the next January, Whiteley commenced this action to foreclose his three mortgages. Ewell answered claiming that the July 31st instrument was an absolute conveyance of title to the property to Whiteley resulting in a merger of title which resulted in a cancellation of his two prior mortgages, and prayed that his lien be foreclosed against Whiteley. The court found that the July 31st instrument was intended as a mortgage for the purpose of securing the $600 indebtedness, ordered the sale of the property and that the proceeds be applied first to the payment of the costs, second to the payment of the $4000 mortgage with interest and attorney's fees, third to the payment of the $1000 mortgage with interest and attorney's fees, then to the payment of Ewell's lien with interest and attorney's fees and then to the payment of the $600 mortgage.

Ewell urges two grounds for the reversal of this judgment: (1) That the court erred in refusing to strike the testimony of Gaddis to the effect that the parties agreed that the July 31st instrument was given only to secure the repayment of the $600 because it was stated in the form of a conclusion without giving the conversations on which such conclusion was based. (2) That Whiteley paid the $600 to induce Ewell to complete the job and that therefore his in-

terest in the property is subject to Ewell's lien thereon. These propositions are discussed in the order stated.

It is settled in this state that a mortgage shall not be deemed a conveyance no matter what its terms. Section 104-57-7, U. C. A. 1943 and cases cited in note thereto; *Bybee* v. *Stuart,* 112 Utah 462, 189 P. 2d 118; *Brown* v. *Skeen,* 89 Utah 568, 58 P. 2d 24. And it is also well settled that parol evidence is admissible to show that a mortgage to secure an indebtedness was intended and not an absolute conveyance of title to the property. See above cited authorities.

Ewell does not seriously dispute the above principles but he contends that the court should have stricken the testimony of Gaddis because it was in the form of his conclusions from the conversations rather than the substance of the conversations on which the conclusions were based. The witness was a layman not a lawyer and failed to appreciate what the court and counsel meant when they explained to him that he must state the conversations in substance and not merely state his conclusions therefrom and much of his testimony was objectionable in form. However, no one could mistake the idea that he was trying to convey, and part of this testimony covering this point, was his version of these conversations and not merely his conclusions. The court did not err in refusing to strike this testimony.

There was ample evidence besides Gaddis' testimony to sustain the court's finding that this instrument was intended to secure the payment of the $600 loan and not as an absolute conveyance. Whiteley related in detail the conversations leading up to the giving of that instrument which showed an agreement to that effect. The evidence is clear that it was always so treated by the parties thereto and by Ewell, who never by word or action indicated that he considered that Whiteley was the owner thereof until long after the DeVries had abandoned it.

It is true that Whiteley advanced the $600 knowing that it would be paid to Ewell on account and that without such payment he would not finish the plumbing. But he does not claim that Whitelely ever represented to him that he was the owner of the property, or asked him to complete the work or agreed to pay therefor, or that he finished the work in reliance on such an agreement. All he claims is that he refused to complete the job until he got $600 on account and that knowing of such refusal, Whitelely advanced the $600. Under those circumstances if the court was correct in finding that this instrument was intended as a mortgage then Whiteley was not obligated to pay the amount of Ewell's lien and his first two mortgages were not subject thereto.

Judgment affirmed. Respondent shall recover his costs on this appeal.

PRATT, C. J., and LATIMER and McDONOUGH, JJ., concur.

WOLFE, Justice (concurring).

I concur. Even if the "deed" dated July 31, 1947, was considered to have conveyed the property conditioned in non-payment of the $600, I am inclined to the view that in equity the mortgages would not be considered as merged, on the principle that when it is required that a mortgage be not considered as merged in the title of the mortgagee, equity will, to serve the purposes of equity, treat the mortgage as still in existence.